Approved: _____
SARAH MORTAZAVI
Assistant United States Attorney

19MAG 00023

Before: THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA             :   **SEALED COMPLAINT**

    - v. -                           :   Violation of
                                         18 U.S.C. §§ 922(g)(1)
FRANCISCO DIAZ,                      :   and 2

              Defendant.       :   COUNTY OF OFFENSE:
                                         BRONX
                                     :

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

       1.   On or about September 2, 2018, in the Southern District of New York and elsewhere, FRANCISCO DIAZ, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a .380 caliber semi-automatic Ruger pistol, which had previously been shipped and transported in interstate and foreign commerce.

      (Title 18, United States Code, Sections 922(g)(1) and 2.)

       The bases for my knowledge and for the foregoing charge are, in part, as follows:

       2.   I am a Detective with the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law

2

enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. From my review of three law enforcement officers ("PO-1", "PO-2", and "PO-3") personally involved in the arrest of FRANCISCO DIAZ, the defendant, my review of body camera footage, surveillance footage, and radio transmissions, and my review of law enforcement reports and records, I have learned the following:

a. On or about September 2, 2018, at approximately 2:00 a.m., an individual (the "Shooter") driving a gray Chrysler (the "Vehicle") on Hughes Avenue between 188th and 189th Street in the Bronx, New York, fired multiple shots at a group of approximately five to ten pedestrians (the "Pedestrians") sitting and standing on the sidewalk outside 2452 Hughes Avenue (the "Shooting Location"). While driving, the Shooter fired shots out of the passenger window of the Vehicle and drove away from the Shooting Location.

b. PO-1 and PO-2 were in a police car patrolling the area around 188th Street and Hughes Avenue in the Bronx, New York. While patrolling, PO-1 heard noises that sounded like gunshots. PO-1 and PO-2 drove to Hughes Avenue, a one-way northbound street, between 188th and 189th Street, from where they believed the shots had come. One of the Pedestrians approached the PO-1 and PO-2's police car and stated, in substance and in part, that an individual driving a gray Chrysler had shot at them and pointed northbound on Hughes Avenue, indicating the direction the car had traveled. Separately, a radio transmission was sent indicating that a Shot Spotter, an acoustic sensor designed to automatically detect gunfire, located at approximately 617 East 188th Street detected that gunshots had been fired.

c. PO-1 and PO-2 proceeded to look for the shooter at the intersection of 189th Street and Third Avenue, and observed a gray Chrysler, as one of the Pedestrians had described, with license plate number HWX 2960 (the "Vehicle") stopped at a red light at that intersection. When the light turned green, the Vehicle made a left turn onto Park Avenue and

3

PO-1 and PO-2 followed with lights and sirens. The Vehicle pulled over on Park Avenue.

       d.    PO-3, who was patrolling the area in an unmarked police car, drove to the vicinity of 188th Street and Hughes Avenue in response to the Shot Spotter alert. Several of the Pedestrians approached PO-3 and told PO-3 that someone driving a gray Chrysler had just shot at them and pointed northbound on Hughes Avenue, in the direction of 189th Street. PO-3 announced over the radio the description of the gray Chrysler and the direction the gray Chrysler was traveling based upon the description given by the Pedestrians. PO-2 responded that the Vehicle matching PO-3's description was pulled over on Park Avenue.

       e.    PO-2 directed the driver of the Vehicle, later identified as FRANCISCO DIAZ, the defendant, who was seated in the driver's seat of the Vehicle, to put both hands outside of the Vehicle. DIAZ only put one hand outside of the driver's side window. PO-2 again instructed DIAZ to put both hands out of the Vehicle. DIAZ put both his hands back inside the Vehicle before putting both hands out of the driver's side window. PO-2 instructed DIAZ to step out of the Vehicle. DIAZ stepped out of the Vehicle. No other individual was in the Vehicle.

       f.    After DIAZ had stepped outside the Vehicle, PO-1 searched the front passenger side of the Vehicle for a firearm and PO-2 later searched the front driver seat. PO-2 found a firearm under the driver's seat (the "Firearm"). Additional law enforcement officers arrived at the scene and conducted another search of the Vehicle, and found two shell casings in the backseat of the Vehicle.

       4.    Based on my review of an NYPD Firearm Examination Report, I have learned that the Firearm was a .380 caliber semi-automatic Ruger pistol, bearing serial number 371158016.

       5.    As part of my investigation, I have been informed by an agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has expertise concerning the manufacturing of firearms, that the Firearm was not manufactured in New York.

       6.    From my review of a firearms analysis conducted by the NYPD Laboratory Firearms Analysis Section, I have learned the following:

4

       a.    The bullets recovered from Hughes Avenue between 188th and 189th Street bear unique markings indicating that they were discharged from the Firearm.

       b.    The shell casings recovered from the backseat of the Vehicle bear unique markings indicating that they were discharged from the Firearm.

       7.    I have reviewed a criminal history report for FRANCISCO DIAZ, the defendant, from which I have learned that, on or about May 6, 2008, in Bronx County Supreme Court, DIAZ was convicted of Attempted Criminal Possession of a Weapon in the Second Degree, a felony, in violation of New York State Penal Law 265.03. Based on my training and experience and conversations with other law enforcement officials, I am aware that this crime is punishable by a term of imprisonment exceeding one year.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of FRANCISCO DIAZ, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
Detective Jason Landusky
New York City Police Department

Sworn to before me this
____ day of January, 2019

_____
THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK